[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11724
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 19, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 08-10053-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

IAN RODRIGUES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 19, 2010)

Before CARNES, MARCUS and FAY, Circuit Judges.

PER CURIAM:

After a jury trial, Ian Rodrigues was convicted of conspiracy to possess with

intent to distribute and possession with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 846 and § 841(a)(1).  Rodrigues challenges the sufficiency of the evidence supporting his conviction.  He contends that there was no evidence that he knew about the conspiracy or voluntarily joined it.  He also contends that there was no evidence that he was a knowing participant in a drug deal.  Finally, he asserts that there was no violation of federal law because the drugs were supposed to be transported from Jamaica to the Bahamas.

"We review the sufficiency of the evidence de novo, viewing the evidence in the light most favorable to the verdict."  United States v. Thompson, 473 F.3d 1137, 1142 (11th Cir. 2006).  "The jury gets to make any credibility choices, and we will assume that they made them all in the way that supports the verdict."  Id. "[T]he issue is not whether a jury reasonably could have acquitted but whether it reasonably could have found guilt beyond a reasonable doubt."  Id.  This standard of review, as we have noted, is stacked in the government's favor."  United States v. Benbow, 539 F.3d 1327, 1331 (11th Cir. 2008) (quotation marks omitted).

To establish the existence of a drug conspiracy between Rodrigues and his codefendant, Radcliffe Lloyd Pink, the government had to "prove that there was an agreement between the two of them to violate the narcotics laws."  United States v. Grant, 256 F.3d 1146, 1152 (11th Cir. 2001).  "The existence of a conspiracy can

2

be established by either direct evidence or circumstantial evidence, such as inferences drawn from conduct." Id. The government did not have to prove that Rodrigues knew of all the details or participated in every aspect of the conspiracy; it only had to prove that Rodrigues "knew the essential nature of the conspiracy." United States v. Miranda, 425 F.3d 953, 959 (11th Cir. 2005) (quotation marks omitted). To support Rodrigues' possession with intent to distribute conviction under 21 U.S.C. § 841(a)(1), the government had to prove that he knowingly possessed marijuana with the intent to distribute it. United States v. Harris, 20 F.3d 445, 453 (11th Cir. 1994). Possession can be actual or constructive and can be shown through direct or circumstantial evidence. Id.

I.

Rodrigues contends that the evidence did not show that he participated in a drug conspiracy or that he possessed drugs with the intent to distribute them. We disagree. There was plenty of evidence to support Rodrigues' conviction. For starters, in Rodrigues' presence an undercover agent and Rodrigues' codefendant Pink discussed the details of the drug deal, including how the bales of marijuana would be divided up for distribution. While the three men were in a hotel room together, Rodrigues spent thirty minutes listening to the plans for getting the marijuana from a boat into Pink's rental vehicle. That conversation, during which

Pink referred to Rodrigues as the "navigator," was recorded and was introduced into evidence at trial.

The undercover agent, Pink, and Rodrigues traveled in the agent's vehicle to a marina to pick up Pink's rental vehicle that had been loaded with marijuana. The undercover vehicle was equipped with a video camera and a microphone, so the conversation on the way to the marina was recorded. That recording was also introduced into evidence. During their ride to the marina, Rodrigues made a phone call to find out the correct exit to take in Fort Lauderdale where he and Pink would deliver the drugs. When they arrived at the marina, Rodrigues got into the rental vehicle, which was loaded with duffle bags containing marijuana that emitted a strong odor. At that point Rodrigues and Pink were arrested.

There was plenty of evidence for the jury to find that Rodrigues knew the essential nature of the conspiracy and participated in it. There was also enough evidence for a jury to reasonably find that Rodrigues knowingly possessed marijuana with the intent to distribute it.

## II.

Rodrigues also contends that the evidence did not show that he violated federal law. He asserts that the marijuana was from Jamaica and it was supposed to go to the Bahamas, but the undercover agent decided to bring it to Florida

4

instead. It is true that when the object of a conspiracy is to possess controlled substances outside the United States with the intent to distribute them outside the United States, there is no violation of § 841(a)(1) or § 846. See United States v. Lopez-Vanegas, 493 F.3d 1305, 1313 (11th Cir. 2007). However, even if the evidence had shown only that Rodrigues had possessed drugs in Florida with the intent to distribute them in the Bahamas, that would be enough to sustain his conviction. See United States v. Benbow, 539 F.3d 1327, 1331–32 (11th Cir. 2008) (upholding a conviction under §§ 841(a)(1) and 846 based on "possession of cocaine in this country even where the intent is to distribute it outside this country"). As we have already explained, however, the evidence did more than that. It established that Rodrigues and Pink conspired to possess and did actually possess marijuana in Florida and that they intended to distribute it there. Whose idea it was to bring it to Florida in the first place is irrelevant. Rodrigues' argument that he did not violate the laws of the United States fails.

**AFFIRMED.**